

**MURTHA**

SUSAN J. BARONOFF
617 457.4031 DIRECT TELEPHONE
617.210.7031 DIRECT FACSIMILE
SBARONOFF@MURTHALAW.COM

October 27, 2011

**VIA EMAIL AND HAND DELIVERY**

Zita Lovett
Courtroom Clerk
Honorable Joseph L. Tauro
United States District Court Judge
District of Massachusetts
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2300
Boston, MA 02210

   Re: <u>Wall Street Systems (Americas), Inc. v. Gregory Person</u>
      <u>Case No. 11-cv-11876-JLT</u>

Dear Ms. Lovett:

  My partner Barry Waters and I represent Wall Street Systems (Americas), Inc. ("Wall Street"), the plaintiff in the above action. I write in response to Attorney William Kaiser's October 26, 2011 letter to Judge Tauro on behalf of the defendant Gregory Person, requesting 30 days to respond to Wall Street's Motion for Preliminary Injunction. Wall Street opposes Mr. Person's application and respectfully requests that the Court schedule a hearing on Wall Street's Motion for Preliminary Injunction as soon as possible.

  Mr. Waters and I spoke with Mr. Kaiser yesterday and explained to him why Wall Street could not agree to his requested extension, given the time-sensitive nature of its Motion. Wall Street is seeking a preliminary injunction to prohibit Mr. Person from working for its direct competitor, Reval.com, Inc. ("Reval"), in violation of his Non-Competition, Non-Disclosure and Developments Agreement with Wall Street. Since filing the above action and the Motion for Preliminary Injunction, Wall Street has learned that Mr. Person has, in fact, begun working for Reval. Wall Street now expects that Mr. Person will attend on behalf of Reval, or otherwise assist Reval, in connection with a major treasury industry conference and trade show (the annual conference of the Association of Financial Professionals) that is a critical marketing event for Wall Street and that will begin in Boston on November 6, 2011. This confirms that Wall Street's

Zita Lovett
October 27, 2011
Page 2



customer relationships, trade secrets, and confidential information are at immediate risk. As a result, it is urgent that the Motion for Preliminary Injunction be heard as soon as possible, and certainly before November 6, 2011.

    Wall Street therefore respectfully requests a telephone conference with counsel for the parties so that a hearing in this case can be scheduled forthwith, with notice to Mr. Person.

Respectfully yours,

Susan J. Baronoff

cc:    William H. Kaiser, Esq. (by email and U.S. mail)
       Barry J. Waters, Esq. (by email)