# KAISER SAURBORN & MAIR, P.C.
## COUNSELORS AT LAW

111 Broadway
New York, NY 10006
Tel 212 338 9100
Fax 212 338 9088
www.ksmlaw.com

October 27, 2011

**BY Email (zita_lovett@mad.uscourts.gov)**
Zita Lovett
Courtroom Clerk
Honorable Joseph L. Tauro
United States District Judge
District of Massachusetts
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2300
Boston, Massachusetts, 02210

## Wall Street Systems (Americas), Inc. v. Gregory Person

Dear Ms. Lovett:

  We represent the defendant, Gregory Person, in connection with the above-referenced matter. I write in response to plaintiff's counsel's, Barry Waters, correspondence to you today.

  Mr. Waters states that because Mr. Person may allegedly attend a trade show, that "Wall Street's customer relationships, trade secrets, and confidential information are at immediate risk" First, Mr. Person is not attending the trade show referred to by Mr. Waters, though he certainly could if he chose to. Second, customer relations do not warrant, under New York law, enforcement of a non-compete. *Ronald W. Freeman P.C. v. Zhu*, 209 A.D.2d 213, 214 (1st Dep't 1994)(holding solicitation of plaintiff's customers by defendant, as a former employee, is not actionable, nor is trade secret protection accorded to the names, addresses, and telephone numbers of clients and potential clients of the plaintiff. . . where as here the record reveals that the alleged confidential customer lists were readily ascertainable from the non-confidential sources by reference to, among other publications, local phone listings); *Columbia Ribbon*, 42 N.Y.2d at 499 ("where the employer's past or prospective customers' names are readily ascertainable from sources outside its business, trade secret protection will not attach and their solicitation by the employee will not be enjoined); *Leo Silfen, Inc. v. Cream*, 29 N.Y.2d 387, 389 (1972); *Business Networks of New York v. Complete Network Solutions Inc.*, 265 A.D.2d 194 (1st Dep't 1999); *WMW Machinery Co., Inc. v. Koerber*, 240 A.D.2d 400, 402 (2nd Dep't 1997) (customer lists not confidential where readily obtainable from outside sources).

  Third, there is absolutely no evidence pointed to by Plaintiff that Mr. Person has ever divulged confidential information or trade secrets, and Defendant has no intention of doing so, as

KAISER SAURBORN & MAIR, P.C.

Ms. Zita Lovett
Re:   Wall Street Systems v. Greg Person
October 27, 2011
Page - 2 -

defendant does not dispute his obligations pursuant to the non-disclosure agreement he signed.

Defendant respectfully requests sufficient time to adequately respond.

Respectfully submitted,

William H. Kaiser

cc:   Susan J. Baronoff, Esq.
      (Sbaronoff@murtha law.com)

WHK/ho